IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR-08-106-BLG-DWM-CSO |
|---|---|
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |
| JOSEPH H. DUST, Jr., | |
| Defendant. | |

## I. Synopsis of Recommendation

A petition alleged that Defendant Joseph H. Dust, Jr. ("Dust") violated conditions of his supervised release discussed in more detail below. Dust's supervised release should be revoked, and he should be sentenced to 16 months imprisonment with no term of supervised release to follow.

## II. Status

On May 28, 2009, after Dust pled guilty to being a felon in possession of a firearm, Judge Shanstrom sentenced Dust to 30 months in custody followed by 36 months of supervised release. *ECF 23*.

1

Dust's conviction stemmed from possessing a pistol after being prohibited from such possession because of a 2004 state felony conviction for possessing dangerous drugs. *ECF 38*. Dust began his first term of supervised release on February 29, 2012. *Id*.

Dust's supervised release was revoked on January 9, 2013, because he used a controlled substance, failed to appear for urinalysis testing, and failed to appear for alcohol/drug testing. *ECF 36*. He was then sentenced to 12 months and one day in custody with 24 months of supervised release to follow. *Id*. Dust began his second term of supervised release less than two months ago – October 28, 2013. *ECF 38*.

**Petition**

On December 5, 2013, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision alleging two violations. *Id*. First, it alleges that Dust committed another federal, state, or local crime in violation of the Court Conditions Preamble. Specifically, the petition alleges that Dust pled guilty to criminal possession of dangerous drugs and drug

paraphernalia, and to being a public nuisance. The offenses occurred in Crow Agency and charges were filed in Crow Tribal Court. Dust was arrested when he attempted to jump out of a stopped vehicle when law enforcement officers approached. He was found to be in possession of methamphetamine and a syringe. *Id.*

Second, the petition alleges that Dust failed to show up for his scheduled urinalysis appointment in violation of Special Condition Number 1. He was supposed to appear for his appointment on November 7, 2013, and failed to show up or to have an appropriate excuse for missing the appointment. *Id.*

Based on the petition, the undersigned issued a warrant for Dust's arrest. *ECF 39.* The case was reassigned to the Hon. Donald W. Molloy, U.S. District Judge, and referred to the undersigned for Findings and Recommendations. *Standing Order DLC-10.*

**Initial Appearance and Revocation Hearing**

Dust was arrested on December 10, 2013. He made an initial appearance before the undersigned on the same day in Billings, Montana, and the Court also conducted a hearing on whether Dust's

supervised release should be revoked. Steve Babcock represented Dust. Jessica Fehr represented the United States. The undersigned explained the Findings and Recommendations procedure to French, including his right to appear and allocute before Judge Molloy and the necessity of properly objecting to the Findings and Recommendations in order to preserve that right. In addition, French, his counsel, and the Assistant U.S. Attorney executed an Acknowledgment of Rights and Consent, again acknowledging his understanding of the Findings and Recommendations procedure and consenting thereto.

Dust admitted the violations of his supervised release. Ms. Fehr moved for revocation of Dust's supervised release. Mr. Babcock stated Dust does not contest revocation. The undersigned accepted Dust's admission that he violated his supervised release conditions and determined that his supervised release should be revoked. The undersigned then proceeded to consider sentencing recommendations. The undersigned calculated that Dust's violation grade is C, his criminal history category is IV, and the underlying offense is a class C felony. Under those circumstances, the maximum sentence is not more

than 2 years incarceration, and the United States Sentencing Guidelines call for 6 to 12 months incarceration. Dust could be sentenced to a term of not more than 3 years of supervised release, less any incarceration time imposed. Mr. Babcock and Ms. Fehr agreed with those calculations.

Ms. Fehr requested a sentence of 16 months in custody with no supervised release to follow. She stated that the nature of the underlying offense, previous revocation, and violations of supervised release conditions this time, especially so soon after release, demonstrate that Dust is incapable of following rules. She noted that alcohol and weapons have been a common theme for Dust's troubles, and this time methamphetamine is involved, making it even more evident that Dust is unable to comply with supervised release conditions. Ms. Fehr said that a 4-month upward departure from the 12-month guideline provision is appropriate to convey to Dust the serious nature of his violations and to provide a deterrent effect for Dust.

Mr. Babcock recommended 10 to 12 months in custody with no

supervised release to follow.  He acknowledged that Dust, upon his most recent release, returned to Lodge Grass where he fell in with friends who have had a negative influence on Dust.  He suggested that Dust needs and wants to get out of Lodge Grass and away from these friends.  He noted that Dust has family in Wyoming, where work is plentiful and where Dust has a better opportunity to make a fresh start.

Dust addressed the Court.  He stated that he takes full responsibility for what he did.  He noted that he is not a danger to anyone in the community except himself.  He stated that he believes he can get employment in Wyoming and acknowledged that he needs to get out of Lodge Grass and away from his old friends in order to get a fresh start.  He stated that he is 33 years old and has spent about six years of his adult life in prison.  He noted that he is a good worker if given an opportunity.  He asked that the Court sentence him to the time suggested by Mr. Babcock.

### III.  Analysis

Based on Dust's admission to the violations of his conditions of

supervised release, his supervised release should be revoked.

By his violations, Dust has not only breached the Court's trust, but also rendered impossible his supervising officer's ability to ensure that Dust is not a danger to himself or to the community. The Court cannot overlook that this is Dust's second revocation of supervised release and that his most recent violations have come within two weeks of his most recent release. The sentence listed below is appropriate.

Dust should be sentenced to 16 months incarceration with no supervised release to follow. A sentence above the guideline range is warranted by Dust's repeated failures to comply with this Court's conditions. In addition, the extra time will allow Dust and the BOP to fashion a plan for his release that ideally would assist him in relocating to Wyoming where he can be near family, find employment, and get away from friends who have a negative influence over him.

## IV. Conclusion

The undersigned advised Dust that the above sentence would be recommended to Judge Molloy, and reminded him that he has the right to appear and allocute before Judge Molloy. The undersigned

instructed Dust that he may object to these Findings and Recommendations within 14 days of their issuance, and must do so if he wishes to preserve his right to allocute before Judge Molloy.

The Court makes the following **FINDINGS.** Dust violated:

1. Court Conditions Preamble by being convicted in Tribal Court of criminal possession of dangerous drugs, criminal possession of drug paraphernalia, and public nuisance; and

2. Special Condition Number 1 by failing to show up for his scheduled urinalysis appointment without good cause.

The Court makes the following **RECOMMENDATION:**

1. The District Court should revoke Dust's supervised release and commit Dust to the custody of the United States Bureau of Prisons for a term of imprisonment of 16 months with no supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The

district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated this 10th day of December, 2013.

/s/ Carolyn S. Ostby<br>
United States Magistrate Judge